Ernest W. ("Will") Klatte, III (State Bar No. 115914)
ewklatte@kbylaw.com
Selwyn Chu (State Bar No. 285568)
schu@kbylaw.com
Klatte, Budensiek & Young-Agriesti, LLP
20341 SW Birch Street, Suite 200
Newport Beach, California 92660-1514
Telephone: 949-221-8700
Facsimile: 949-222-1044

Attorneys for Defendant
FedEx Ground Package System, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIONEL MARES,<br><br>        Plaintiff,<br><br>    vs.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC. and DOES 1 THROUGH 100, inclusive,<br><br>        Defendants. | CASE NO. 2:13-CV-05518-DMG-JCG<br><br>*Discovery Matter: Referred to Magistrate Judge Jay C. Ghandi*<br><br>**[PROPOSED]** ORDER<br><br>Action Filed:  June 6, 2013<br>Trial Date:     November 11, 2014 |

Pursuant to the Stipulation between the parties through their respective counsel of record, the court orders as follows:

1. Counsel for either party may designate as confidential any document or information contained in such document, as well as any information contained in an interrogatory response or given in a deposition, if counsel determines in good faith that the designation is necessary to protect the interests of the client. Documents and information designated by a party as confidential will be stamped "CONFIDENTIAL." "Confidential" documents and information are hereafter referred to collectively as "confidential information."

///

2. Unless otherwise ordered by the court, or otherwise provided for herein, the confidential information disclosed to a party will be used by that party solely in connection with the above-captioned action.

3. In the event one party challenges the other party's confidential designation, counsel will make a good faith effort to resolve the dispute. Should that effort fail, the challenging party may seek resolution by the court. If either party objects to a designation of "confidential information," that party will advise the designating party of its objection within 45 days of learning of the designation. The designation will remain in effect until the parties resolve the dispute or the court orders otherwise in response to a motion filed by the objecting party. Nothing in this protective order constitutes an admission by either party that confidential information disclosed in this case is relevant or admissible. Each party reserves the right to object to the admissibility or use of any confidential information disclosed, in accordance with applicable law and rules of court.

4. Confidential information so designated may not be disclosed to anyone except:

    a. the requesting party and its counsel, including in-house counsel;

    b. employees of such counsel assigned to assist in the litigation;

    c. consultants and experts recruited to assist in the prosecution or defense of the litigation, to the extent deemed necessary by counsel;

    d. subject to paragraph 4(f) below, witnesses from whom testimony is taken or is to be taken, except that such witnesses may only be shown confidential information of which he or she was an originator, author, addressee, or recipient, may only be shown that confidential information during and in preparation for his or her testimony, and may not retain the confidential information;

///

      e.    the court, including clerks, stenographers, and other persons having access to any confidential information by virtue of their position with the court, the jury at trial, and as exhibits to motions; and

      f.    notwithstanding paragraph 4(d) above, current and former FedEx Ground managers, without regard to whether the manager was an originator, author, addressee, or recipient of the confidential information.

5.    Before disclosing confidential information to anyone, counsel will:

      a.    inform the intended recipient of the confidential nature of the information; and

      b.    inform the intended recipient that this court has enjoined the use of the information for any purpose other than this litigation, and further has enjoined the disclosure of that information to anyone other than this recipient and those others specifically identified in this order.

6.    Confidential information may be disclosed to and discussed with the persons identified in paragraphs 4(c) and 4(d) only on the condition that prior to such disclosure or discussion those persons agree in writing to be bound by this order. Should any person refuse to so agree, the party wishing to disclose the confidential information may seek appropriate relief from this court.

7.    The disclosure of documents or information without first designating them as "confidential" does not constitute a waiver of the right to so designate those documents or information after the fact—provided, that the material is designated in accordance with the procedures set forth in this order within 14 days after the close of discovery or 14 days after the material was produced, whichever is later. If so designated, the material will from that point forth be treated as confidential information subject to all the terms of this order.

8. All confidential information filed with the court, as well as all pleadings, motions, and other papers filed with the court which contain confidential information, will be filed under seal to the extent permitted by law and any applicable rules of court, and kept under seal until further order of the court. If the court imposes preconditions on the filing of papers under seal (beyond the submission of this stipulated protective order), it will be the obligation of the producing party filing those papers to satisfy any such preconditions. Wherever possible, only those portions of the papers that are confidential will be filed under seal.

9. At the conclusion of this litigation, any confidential information and copies thereof in a party's possession will be promptly—in no event later than 90 days after entry of final judgment not subject to further appeal—returned to the producing party or certified as destroyed.

10. Nothing in this order affects or restricts the rights of either party with respect to its own documents or to information obtained or developed independently of materials afforded confidential treatment under this order.

This order is issued without prejudice to the right of either party to move the court for a further protective order relating to the discovery or disclosure of confidential information; to object to discovery requests propounded by the other party; to move the court for an order compelling the production of documents or information; or to seek modification of this order. This order is enforceable by either party and any violation thereof may result in the imposition of sanctions by the court.

Dated: May 22, 2014            By: _____
                                    The Honorable Jay C. Gandhi